OPINION
Appellant Steven Dalton is appealing the decision of the Stark County Court of Common Pleas that found him guilty of two counts of intimidation of crime witnesses. The following facts give rise to this appeal.
The Stark County Grand Jury indicted appellant on one count of gross sexual imposition. The victim of the crime was Andrea Beard. Subsequently, on August 1, 1997, the Stark County Grand Jury indicted appellant on two counts of intimidation of crime witnesses. The indictment alleged that appellant intimidated Andrea Beard and her mother, Audrey Beard.
This matter proceeded to trial on August 19, 1997. Over the objections of appellant, the trial court consolidated the two cases for purposes of trial. At trial, Andrea Beard testified that appellant came to her home and broke the glass out of the door. Andrea's mother, Audrey Beard, attempted to hide Andrea so appellant would not hurt her. Andrea testified that she was afraid because seeing appellant brought back memories of what appellant had done to her.
William Tichenor testified that he was visiting the Beard residence on May 4, 1997, when Timothy Beard informed him that appellant had the Beard's family dog. Tichenor went outside and observed appellant with the family dog in appellant's vehicle. Tichenor testified that appellant was screaming that if Andrea went to court he was going to kill the dog.
Finally, Officer David Wright testified that he responded to a call, at the Beard's residence, on May 5, 1997. As he was taking an incident report, a call came into the Beard residence and Audrey Beard answered the telephone. Officer Wright listened on another telephone in the residence and heard a male voice threaten to kill Audrey and Andrea Beard. Following this phone call, the same person called the residence two more times. Appellant then drove by the Beard's residence which resulted in a high speed chase by the police.
Following deliberations, the jury found appellant not guilty of gross sexual imposition but guilty of both counts of intimidation of crime witnesses. The trial court sentenced appellant to a term of three years on each count and ordered appellant's sentences merged into one sentence. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THREE YEARS OF INCARCERATION FOR INTIMIDATION OF CRIME WITNESSES SINCE THERE WAS NO FINDING OF THE REQUIRED ADDITIONAL ELEMENT TO MAKE THE OFFENSE ONE OF MORE SERIOUS DEGREE AND NO FINDING OF THE DEGREE OF THE OFFENSE.
 II. THE JURY ERRED IN FINDING APPELLANT GUILTY OF THE CRIME OF INTIMIDATION OF A WITNESS AS THE CHARGES RELATED TO ANDREA BEARD AND AUDREY BEARD SINCE THERE WAS NO EVIDENCE THAT HE USED FORCE OR A THREAT OF FORCE AGAINST EITHER ONE OF THESE INDIVIDUALS.
 I
Appellant maintains, in his first assignment of error, that the trial court erred in sentencing him for a third degree felony instead of a first degree misdemeanor because the element of force or threat of force which elevates the offense from a misdemeanor to a felony was not included in the verdict form and therefore, the conviction is only valid for misdemeanor offenses. We disagree.
In support of this assignment of error, appellant refers to R.C. 2945.75, which provides, in pertinent part:
 (A) When the presence of one or more additional elements makes an offense one of more serious degree:
 (1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
 (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.
We have previously addressed this issue in State v. Elkins
(March 13, 1995), Stark App. No. 94-CA-0204, unreported and Statev. Porter (Jan. 17, 1997), Stark App. No. 1996-CA-00094, unreported. In these two cases, we held that an accused may be convicted of the greater degree of an offense without a specific finding by the jury provided: the indictment expressly states the elements of the greater offense; the court read the indictment to the jury as part of the instructions; and the verdict form refers to the offense as charged in the indictment. Elkins at 2; Porter
at 2.
In the case sub judice, appellant concedes the indictment did specify the additional elements of the greater offense. Further, the record reflects that the trial court read the indictment to the jury as part of the instructions. Tr. at 213-214. Finally, the verdict form referred to the offenses "as charged in the indictment."
Based upon the above, we find the trial court properly sentenced appellant to a third degree felony rather than a first degree misdemeanor.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the jury's verdict is against the manifest weight of the evidence because the State presented insufficient evidence to support the jury's finding that appellant used force or a threat of force when he intimidated the witnesses. We disagree.
In reviewing a manifest evidence claim, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
It is based upon this standard that we review appellant's assignment of error. The section of the intimidation statute under which appellant was convicted provides as follows:
 (B) No person, knowingly and by force or by unlawful threat of harm to any person or property shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges, or witness in a criminal case in the discharge of his duties.
The indictment charging appellant with two counts of intimidation of crime witnesses states only that appellant threatened harm to persons, not property. Therefore, appellant maintains that since he was not charged with intimidation of a crime witness as a result of using force or a threat of harm against property, the jury's verdict is against the manifest weight of the evidence as the evidence, at trial, established that appellant merely used force or a threat of harm against property.
We find the evidence, at trial, did establish that appellant used force or unlawful threat of harm against Andrea and Audrey Beard. Appellant threatened harm by breaking the glass, in the door, at the Beard residence. When this occurred, Audrey Beard attempted to hide Andrea so appellant could not hurt her. Tr. at 103. Andrea Beard further testified that when this event occurred, her mother was upset, afraid and crying. Tr. at 103. Such actions, by appellant, evidenced a threat of harm against Andrea and Audrey Beard. Further, Officer David Wright testified that while he was at the Beard residence, someone called. Officer Wright listened to the call on another telephone and heard a male voice threaten to kill Audrey and Andrea Beard. Tr. at 143. Following this call, the individual called two more times while Officer Wright was still at the Beard residence. Tr. at 143. Appellant then drove his vehicle past the Beard's residence which resulted in a high speed chase by the police. Tr. at 144. The person the officers observed, in the vehicle, matched a description given to the police by Audrey Beard. Tr. at 145. We find this to be sufficient circumstantial evidence that appellant was the person who called the Beard residence and threatened to kill Andrea and Audrey Beard.
Further, we find appellant's conduct resulted in an unlawful threat of harm to Andrea and Audrey Beard. As such, the jury's verdict is not against the manifest weight of the evidence.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Farmer, P. J., and Hoffman, J., concur.